UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| The Medical Protective Company, | Case No. 20-cv-2263 (WMW/BRT) |
| Plaintiff, | |
| v. | **ORDER** |
| Jon Haefner; Green Lake Chiropractic, P.A.; and Jennie-O Turkey Store, Inc., | |
| Defendants. | |

Before the Court is Plaintiff The Medical Protective Company's (MedPro) motion for summary judgment. (Dkt. 25.) For the reasons addressed below, MedPro's motion for summary judgment is granted in part and denied in part and this action is dismissed.

## BACKGROUND

MedPro is an Indiana corporation that provides liability insurance. Defendant Jon Haefner is a Minnesota resident who owns Defendant Green Lake Chiropractic, P.A. (Green Lake). MedPro insured Haefner and Green Lake from July 1, 2020, until July 1, 2021. As relevant here, the insurance policy requires MedPro to indemnify Haefner and Green Lake for wrongful actions involving the rendering of professional services that occurred during the policy period. The policy excludes from coverage several categories of claims, including any "[a]rising out of an Insured's dishonest, fraudulent, criminal or malicious act, error or omission" or "[a]rising out of any **wrongful act(s)** committed with [Insured's] knowledge that it was a **wrongful act**."

Defendant Jennie-O Turkey Store, Inc. (Jennie-O) commenced an action against Haefner and Green Lake in Minnesota state court in August 2020, alleging that Haefner wrote false excuse notes for Jennie-O's employees. Jennie-O's state-court complaint advances four claims to relief: common-law fraud, negligent misrepresentation, tortious interference with employment relationship, and tortious interference with business expectancy. The Kandiyohi County District Court, Eighth Judicial District, scheduled a five-day trial beginning on June 27, 2022.

On November 2, 2020, MedPro commenced this declaratory judgment action against Haefner and Green Lake.[1] MedPro seeks a declaratory judgment that it does not have a duty to defend Haefner and Green Lake in the state-court action brought by Jennie-O. MedPro also seeks a declaratory judgment that it does not have a duty to indemnify Haefner or Green Lake for any possible liability that Haefner or Green Lake may incur as a result of the state-court action. The complaint alleges that MedPro has no duty to indemnify Haefner and Green Lake because the insurance policy contains coverage exceptions for fraud and intentional misconduct and because Haefner and Green Lake's alleged misconduct occurred before the insurance policy was in effect.

MedPro now moves for summary judgment.

## ANALYSIS

Summary judgment is proper when the record before the district court establishes that there is "no genuine dispute as to any material fact" and the moving party is "entitled

---

[1] MedPro also names Jennie-O as an interested party in the declaratory judgment action. Jennie-O has filed an answer but has not filed a motion in opposition to or in support of MedPro's motion for summary judgment.

to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A genuine dispute as to a material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When deciding a motion for summary judgment, a district court construes the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in the nonmoving party's favor. *See Windstream Corp. v. Da Gragnano*, 757 F.3d 798, 802–03 (8th Cir. 2014).  The nonmoving party may not "rest on mere allegations or denials but must demonstrate on the record the existence of specific facts [that] create a genuine issue for trial." *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995) (internal quotation marks omitted).

The interpretation of an insurance policy, including the question of whether a legal duty to defend or indemnify exists, is governed by state law. *See Progressive N. Ins. Co. v. McDonough*, 608 F.3d 388, 390 (8th Cir. 2010); *Midwest Fam. Mut. Ins. Co. v. Wolters*, 831 N.W.2d 628, 636 (Minn. 2013).  The interpretation of insurance policy language is a question of law. *Jenoff, Inc. v. N.H. Ins. Co.*, 558 N.W.2d 260, 262 (Minn. 1997).  General principles of contract interpretation apply to insurance policies. *Lobeck v. State Farm Mut. Auto. Ins. Co.*, 582 N.W.2d 246, 249 (Minn. 1998).  "An insurance policy must be construed as a whole, and unambiguous language must be given its plain and ordinary meaning." *Midwest Fam. Mut. Ins. Co.*, 831 N.W.2d at 636 (internal quotation marks omitted).

An insurer's duty to indemnify is based on "claims actually proven by the third-party claimant in the liability action against the insured." *Remodeling Dimensions,*

*Inc. v. Integrity Mut. Ins. Co.*, 819 N.W.2d 602, 617 (Minn. 2012); *Brown v. State Auto. & Cas. Underwriters*, 293 N.W.2d 822, 825–26 (Minn. 1980) ("If any part of the claim is arguably within the scope of coverage afforded by the policy, the insurer should defend and reserve its right to contest coverage based on facts developed at trial."). Under the Declaratory Judgment Act, insurance companies may seek a declaration of the scope of their duty to indemnify an insured, as a matter of law, before the underlying lawsuit between the injured party and the insured has concluded.[2] *See Md. Cas. Co.*, 312 U.S. at 273–74.

MedPro's complaint seeks broader relief than that which it seeks in its motion for summary judgment.[3] In its summary judgment motion, MedPro concedes that it has a duty to *defend* Haefner and Green Lake in the underlying state-court action. And MedPro does not appear to dispute that it has a duty to indemnify Haefner and Green Lake for non-fraudulent conduct that occurred during the effective period of the insurance policy. But it is not clear from MedPro's memorandum in support of summary judgment whether MedPro seeks a declaration that *all* of the conduct alleged in Jennie-O's complaint constitutes fraud or intentional conduct—and that MedPro,

---

[2] The Declaratory Judgment Act allows courts to "declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). It permits an insurance company to seek a declaration of its duty to indemnify an insured before the underlying lawsuit between the injured party and the insured has concluded. *See Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273–74 (1941); *Associated Indem. Corp. v. Fairchild Indus., Inc.*, 961 F.2d 32, 35 (2d Cir. 1992) ("That the liability may be contingent does not necessarily defeat jurisdiction of a declaratory judgment action.").

[3] A party may move for summary judgment as to any "claim or defense" or as to any "*part* of [a] claim or defense." Fed. R. Civ. P. 56(a) (emphasis added).

4

therefore, does not have *any* duty to indemnify Haefner or Green Lake—or merely that MedPro does not have a duty to indemnify Haefner and Green Lake for any conduct proven to constitute fraud or intentional conduct in the underlying state-court action. At the October 22, 2021 hearing on MedPro's motion for summary judgment, counsel for MedPro argued that negligent misrepresentation is a category of fraud and, therefore, that MedPro has no duty to indemnify Haefner and Green Lake for any of the conduct alleged in Jennie-O's complaint in the underlying state-court action, if proven at trial. The Court will construe MedPro's motion for summary judgment accordingly.

Haefner and Green Lake argue that summary judgment should be denied because the claims in the underlying lawsuit have not been proven and, therefore, genuine disputes of material fact exist. But the Court can construe the scope of MedPro's duty to indemnify based on the language of the policy, even though MedPro's actual liability to Haefner and Green Lake cannot be determined until the claims in the underlying lawsuit have been proven.

**I.      Conduct Outside the Policy Period**

MedPro seeks a declaration that it has no duty to indemnify Haefner and Green Lake for damages stemming from any conduct proven to have occurred outside the policy period in the underlying state-court action. The insurance policy provides:

> **We** shall pay those amounts an Insured is legally obligated to pay to compensate others for damages resulting from an Insured's **wrongful act** in the rendering of, or failure to render, **professional services** as a Healthcare Professional that results in an injury. The **wrongful act** must take place within the Coverage Territory and during the **policy period**.

5

The policy period in this case spans from July 1, 2020, to July 1, 2021. The parties do not dispute that the allegations in the complaint pertain to Haefner's rendering of professional services within the Coverage Territory or that Haefner's actions took place within the Coverage Territory.[4] And the policy is clear that "the **wrongful act** must take place . . . during the **policy period**." Haefner and Green Lake argue that summary judgment is inappropriate because the timing of the alleged fraudulent conduct has not been conclusively proven in the underlying state-court action. But Haefner and Green Lake do not contest that the policy provides coverage only for conduct that occurred during the policy period. Therefore, Haefner and Green Lake have identified no genuine dispute of material fact about MedPro's obligation to indemnify Haefner and Green Lake for conduct that occurred outside the policy's effective dates.

MedPro's motion for summary judgment on its claim that it does not have a duty to indemnify Haefner or Green Lake for any conduct proven to have occurred outside the policy period of July 1, 2020, to July 1, 2021, in the underlying state-law action, is granted.

## II. Allegations Based on Fraud or Intentional Misconduct

MedPro also seeks a declaration that it does not have a duty to indemnify Haefner or Green Lake for any of the conduct alleged in Jennie-O's complaint in the underlying state-court action. The insurance policy states: "This Policy shall not apply to any **potential claim**, **claim** or **suit**: . . . [a]rising out of an Insured's dishonest, fraudulent,

---

[4] The insurance policy does not specify what the Coverage Territory is, but neither party disputes that Haefner and Green Lake's location is covered by the policy.

criminal or malicious act, error or omission." The policy also states that it shall not apply to conduct "[a]rising out of any **wrongful act(s)** committed with [Insured's] knowledge that it was a **wrongful act**."

In Jennie-O's underlying state-court action, Jennie-O alleges common-law fraud, negligent misrepresentation, tortious interference with employment relationship, and tortious interference with business expectancy. Haefner and Green Lake do not dispute that the insurance policy excludes from coverage any liability arising from fraudulent or intentional misconduct. But Haefner and Green Lake argue that MedPro has a duty to indemnify them if Jennie-O prevails on its negligent-misrepresentation claim, which would not require establishing fraudulent or intentional behavior. At the October 22, 2021 hearing on MedPro's motion for summary judgment, counsel for MedPro argued that negligent misrepresentation is a category of fraud. But this argument is contrary to law. *See Florenzano v. Olson*, 387 N.W.2d 168, 173 (Minn. 1986) ("Fraud is an intentional tort and scienter is an essential element."). The elements of negligent misrepresentation do not include a scienter requirement. *See Williams v. Smith*, 820 N.W.2d 807, 815 (Minn. 2012) (listing the elements of negligent misrepresentation). MedPro has a duty to indemnify Haefner and Green Lake for any liability arising from a successful negligent-misrepresentation claim. MedPro, therefore, is not entitled to a declaration, as a matter of law, that it has no duty to indemnify Haefner and Green Lake for any of the conduct alleged in Jennie-O's underlying state-court complaint.

The Court denies summary judgment on MedPro's claim that MedPro has no duty to indemnify Haefner or Green Lake for any of the conduct alleged in Jennie-O's underlying state-court action.

In summary, MedPro's motion for summary judgment is granted as to its claim that it does not have a duty to indemnify Haefner or Green Lake for any conduct proven to have occurred outside the policy period of July 1, 2020, to July 1, 2021, or for fraudulent or intentionally wrongful misconduct, in the underlying state-law action. MedPro's motion for summary judgment is denied as to its claim that MedPro has no duty to indemnify Haefner or Green Lake for any of the conduct alleged in the underlying state-court action. Because MedPro is not entitled to a declaration that is has no duty to indemnify Haefner or Green Lake for any of the conduct alleged in the underlying state-court action as a matter of law, MedPro's remaining claims are dismissed with prejudice.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff The Medical Protective Company's motion for summary judgment, (Dkt. 25), is **GRANTED IN PART AND DENIED IN PART** as addressed herein.

2. This action is **DISMISSED WITH PREJUDICE**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  January 25, 2022                                   s/Wilhelmina M. Wright
                                                                                                         Wilhelmina M. Wright
                                                                                                         United States District Judge